**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Ray E. Winchester

FILED

2013 APR 10 PM 1:26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SA CV 13 - 00569

DOC (JPRₓ)

| | |
|---|---|
| RAY E WINCHESTER, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.** |
| v. | |
| CACH, LLC; AND, THE MANDARICH LAW GROUP, LLP, | **JURY TRIAL DEMANDED** |
| Defendants. | |

///
///
///
///
///
///
///
///
///
///
///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**KAZEROUNI LAW GROUP, APC**
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3.  RAY E. WINCHESTER ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CACH, LLC (individually as "CACH" or collectively as "Defendants"); and, the MANDARICH LAW GROUP, LLP (individually as "Mandarich" or collectively as "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

///

_____
[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6.  Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7.  Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8.  Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

9.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

10. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

11. Because Defendants do business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

13. Plaintiff is a natural person who resides in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

///

14. Plaintiff is informed and believes, and thereon alleges, that Defendant CACH is a company operating from the State of Colorado.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant Mandarich is a company operating from the City of Woodland Hills, State of California.

16. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and are therefore "debt collectors" as the terms are defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

### FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

20. Sometime before October 2012, Plaintiff allegedly incurred financial obligations to the original creditor that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692a(6).

21. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant CACH for collection.

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

22. Thereafter, but before October 18, 2012, Defendant CACH, a debt collector pursuant to the FDCPA, retained Defendant Mandarich, also a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

23. Pursuant to the instructions of Defendant CACH, Defendant Mandarich initiated a lawsuit against Plaintiff entitled *CACH, LLC v. Ray E Winchester, an individual; and, DOES 1 through 10 inclusive* ("the State Action") on October 18, 2012 in an attempt to collect Plaintiff's alleged debt in the Superior Court of California, County of Orange, court case no.: 30-2012-00605979.

24. Thereafter, Plaintiff retained the Kazerouni Law Group, APC to represent Plaintiff in the initial lawsuit filed by Defendant.

25. Subsequently, Defendant was informed in writing of the name, law firm, e-mail, telephone number, and address of the attorney retained by Plaintiff for the initial lawsuit when Plaintiff's Counsel Answered the initial lawsuit on November 21, 2012.

26. In addition, Plaintiff's counsel spoke with Defendant's counsel regarding the initial lawsuit on numerous occasions by telephone and e-mail.

27. Despite this knowledge, Defendant sent directly to Plaintiff via U.S. mail dated January 21, 2013 Defendant's Case Management Statement. Such contact after the debt collector knows the consumer is represented by an attorney with regard to the alleged debt and had knowledge of Plaintiff's counsel constitutes a violation of 15 U.S.C. § 1692b(6).

28. Through this conduct, Defendant also violated 15 U.S.C. § 1692c(2) since Defendant knew that Plaintiff was represented by an attorney with respect to the alleged debt and had knowledge of Plaintiff's counsel's name and address.

///

///

29. Furthermore, Defendant contacted Plaintiff yet again via written communication dated January 28, 2013 in an attempt to collect the alleged debt from Plaintiff.   As discussed above, such contact with a represented party constitutes violations of 15 U.S.C. §§ 1692b(6); and, 1692c(2).

30. For the third time despite Defendant's knowledge that Plaintiff was a represented party, Defendant contacted Plaintiff via written communication dated February 14, 2013 with regard to Plaintiff's alleged debt. Said February 14, 2013 written communication stated in bold face and capitalized "**THIS OFFICE HAS REQUESTED JUDGMENT BE ENTERED AGAINST YOU**" at the top of the page.

31. Through this conduct, Defendant violated 15 U.S.C. § 1692b(6) since Defendant knew that Plaintiff was represented by an attorney with regard to the alleged debt and had knowledge of Plaintiff's counsel's name and address.

32. Through this conduct, Defendant also violated 15 U.S.C. § 1692c(2) since Defendant knew that Plaintiff was represented by an attorney with respect to the alleged debt and had knowledge of Plaintiff's counsel's name and address.

33. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt.

34. Through this conduct, Defendant used false, deceptive, or misleading representation or means in connection with the collection of any debt by false representation of the character, amount, or legal status of any debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

35. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that could not be legally taken against Plaintiff since Plaintiff had timely filed a responsive pleading.  As such, no entry of default against Plaintiff was warranted.

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

36. Through this conduct, Defendant used false representations and deceptive means to attempt to collect Plaintiff's alleged debt in violation of 15 U.S.C. § 1692e(10).

37. Through this conduct, Defendant used unfair practices against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendant violated 15 U.S.C. § 1692f.

38. Through the conduct discussed above, Defendant took actions against Plaintiff concerning the alleged debt in violation of 15 U.S.C. §§ 1692b(6); 1692c(2); 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and, 1692(f).

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

[Against All Defendants]

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

41. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

///
///
///
///
///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendants individually;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendants individually;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendants individually; and,

- any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

42. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 20, 2013                          Respectfully submitted,


                                   KAZEROUNI LAW GROUP, APC

                                   By:   /s/ Matthew M. Loker
                                        MATTHEW M. LOKER, ESQ.
                                        ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| RAY E WINCHESTER, | CACH, LLC; AND, THE MANDARICH LAW GROUP, LLP, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Matthew M. Loker, Esq. (SBN 279939) 2700 North Main Street, Suite 1000, Santa Ana, CA 92705 Telephone: (800) 400-6808 ext. 5 Facsimile: (800) 520-5523 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1692, et seq. - Unfair Debt Collection Practices

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SA CV 13 - 00569 DOC**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

APR 10 2013

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Mandarich Law Group, LLP resides in Los Angeles County | CACH, LLC resides in the State of Colorado |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Matthew M. Loker_   Date March 21, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

### SACV13- 569 DOC (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Matthew M. Loker, Esq.
KAZEROUNI LAW GROUP, APC
2700 North Main Street, Suite 1000
Santa Ana, CA 92705
Telephone: (800) 400-6808 ext. 5
Facsimile: (800) 520-5523

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RAY E WINCHESTER,

PLAINTIFF(S)

v.

CACH, LLC; AND, THE MANDARICH LAW
GROUP, LLP,

DEFENDANT(S).

CASE NUMBER

SA CV 13 - 00569 DOC (JPR x)

SUMMONS

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Matthew M. Loker, Esq._____, whose address is _2700 North Main Street, Suite 1000, Santa Ana, CA 92705_____.   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

TERRY NAFISI

Clerk, U.S. District Court

Dated: APR 10 2013 _____

By: _____
Deputy Clerk

(Seal of the Court)
(1134)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*